IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALFONZO NATHANIEL LOWE,

    Petitioner,

v.                                                                     Civil Action No. **3:15CV631**

**DAVID W. ZOOK,**

    Respondent.

## MEMORANDUM OPINION

Alfonzo Nathaniel Lowe, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition"). Respondent has moved to dismiss the action on the grounds that it is barred by the statute of limitation. For the reasons that follow, the Motion to Dismiss (ECF No. 7) will be GRANTED.

**A.**     **Pertinent State Procedural History**

Following a jury trial, Lowe was convicted in the Circuit Court of the City of Portsmouth ("Circuit Court") of malicious wounding, robbery, attempted murder, armed burglary, and four counts of use of a firearm in the commission of a felony and was sentenced to fifty years of imprisonment. (ECF No. 9-6, at 1-2.) Lowe appealed his convictions. On September 6, 2011, the Supreme Court of Virginia refused Lowe's Petition for Appeal. (ECF No. 9-4, at 1-2.)

On August 30, 2012, Lowe filed a petition for a writ of habeas corpus with the Circuit Court. (ECF No. 9-6.) On January 4, 2013, the Circuit Court dismissed the petition. (*Id.* at 17.) Lowe appealed. On November 13, 2013, the Supreme Court of Virginia refused Lowe's petition for appeal. (ECF No. 9-7, at 1.)

On October 8, 2015, Lowe executed his § 2254 Petition and placed it in the prison mail system.[1] (§ 2254 Pet. 15.) In his § 2254 Petition, Lowe contends that he is entitled to relief upon the following grounds:[2]

| | |
|---|---|
| Claim 1 | Petitioner's petition for appeal on direct appeal was not reviewed by a three-judge panel of the Court of Appeals of Virginia. |
| Claim 2 | The evidence was insufficient to convict petitioner due to unreliable eyewitness identifications, and witness testimony that was not credible. |
| Claim 3(a) | Counsel failed to investigate and move for discovery and exculpatory evidence—witness Dionne Charles had allegedly placed petitioner at the scene, but had not been subpoenaed by the Commonwealth. |
| Claim 3(b) | Counsel failed to request a continuance when a crucial alibi witness was not available. |
| Claim 3(c) | Counsel's lack of preparation resulted in the exclusion of certain testimony from Officer Willis regarding evidence recovered at the crime scene. |
| Claim 3(d) | Counsel failed to investigate the facts and interview crucial witnesses that would have changed the outcome of the trial. |
| Claim 3(e) | Counsel failed to impeach Detective Ferrell's suggestive photo array and other inconsistencies in his testimony. |
| Claim 3(f) | Counsel was ineffective for failing to strike juror Donald Franklin because he knew Roylent Jenkins and they may have strategized before trial. |
| Claim 3(g) | Counsel was ineffective because he did not poll jurors who had questions about the evidence. |
| Claim 3(h) | Counsel failed to call witness Corey Lowe who was key to proving Petitioner's innocence. |
| Claim 3(1) | Counsel failed to present the alibi testimony of Alicia Carter and Angela Hardy. |
| Claim 3(2) | The evidence was insufficient to convict petitioner because the victim's identification was not credible. |

---

[1] The Court presumes the § 2254 action is filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The Court employs the numbering system utilized by Lowe and Respondent in identifying Lowe's claims.

2

| | |
|---|---|
| Claim 3(3) | Petitioner's right to due process was violated because the jury did not hear his alibi witness testimony. |
| Claim 3(4) | The Commonwealth's evidence was inherently incredible. |
| Claim 3(5) | Petitioner's due process rights were violated when Juror Franklin was allowed to sit on the jury. |
| Claim 3(9) | The Circuit Court lacked jurisdiction over petitioner because the United States did not initiate formal proceedings, counsel did not present *Brady* claims; the trial court did not lack jurisdiction to compel production of documents which could have been subpoenaed by petitioner; the Commonwealth had the duty under *Brady v. Maryland* to disclose exculpatory evidence; and, due process was denied when the Circuit Court refused individual voire dire of juror Donald Franklin. |
| Claim 3(10) | Petitioner's due process rights were violated because the sentencing order was inconsistent with the transcripts. |
| Claim 3(19) | The totality of circumstances prejudices petitioner, including counsel's failure to investigate, file a motion to suppress statement by Corey Lowe, AND conduct adequate cross-examination. Counsel failed to call Dionne Charles. |
| Claim 3(20) | Counsel failed to impeach Detective Ferrell with inconsistent statements; failed to challenge the credibility of the victim regarding sales of alcohol and cigarettes from his house; failed to investigate lighting conditions of crime scene, and failed to challenge the fraudulent identification. |
| Claim 3 (22, 23) | Counsel failed to strike witness testimony because it was not credible. |
| Claim 3 (24, 25) | Counsel failed to challenge the sufficiency of the evidence based on the identification testimony of the victim. |
| Claim 3(26) | Counsel was ineffective for allowing Juror Franklin to remain on the jury. |
| Claim 3(27) | Counsel was ineffective for failing to call witnesses Cory Lowe and Dionne Charles and for not providing affidavits from them. |
| Claim 3(28) | Counsel's ineffectiveness was cumulatively prejudicial. |

**B.     Analysis**

**1.     Statute of Limitations**

Respondent contends that the federal statute of limitations bars Lowe's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**2.     Commencement and Running of the Statute of Limitations**

Under 28 U.S.C. § 2244(d)(1)(A), Lowe's judgment became final on Monday, December 5, 2011, when the time for filing a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running

4

when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Sup. Ct. R. 13(1) (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The statute of limitations ran for 268 days until Lowe filed his state petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(2).

### 3. Statutory Tolling

The limitation period remained tolled from August 30, 2012, when Lowe filed his state petition for a writ of habeas corpus, until November 13, 2013, when the Supreme Court of Virginia refused Lowe's appeal from the denial of his state petition for a writ of habeas corpus. The limitation period began to run on November 14, 2013 and ran 693 more days before Lowe filed his § 2254 Petition, on October 8, 2015. Therefore, the statute of limitations bars the § 2254 Petition unless Lowe demonstrates entitlement to a belated commencement of the limitation period or some equitable basis for avoiding the statute of limitations.

Lowe fails to demonstrate entitlement to a belated commencement of the limitation period. Instead, Lowe insists that the statute of limitations does not bar his petition because:

> Defense counsel Barrett Richardson denied to petitioner his absolute and statutory right to file a petition for appeal with the Court of Appeals of Virginia and to have the petition considered by a single [judge] of that court.
> The petitioner [was] denied the right to the effective assistance of counsel in the Court . . . of Appeals.

(§ 2254 Pet. 14 (capitalization corrected; punctuation corrected).) The fact that Lowe's counsel might have been ineffective does not allow him to avoid the statute of limitations. *Cf. Rouse v. Lee*, 339 F.3d 238, 251 (4th Cir. 2003) ("[W]e see no reason why the decision as to whether a court considers the claims in an untimely petition should depend on the nature of the claims in the petition."). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable

tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Allen fails to demonstrate that he has been pursuing his rights diligently and fails to identify any extraordinary circumstance that prevented him from filing in a timely manner.

The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones, or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (internal citations omitted).

Here, the Court reviews Lowe's assertion of innocence under the more lenient standard for gateway actual innocence claims, because subscribing to Lowe's actual innocence claim would permit the Court to consider the merits of his otherwise time-barred habeas petition. A gateway claim requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial'" and determines whether the petitioner has met the

6

standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F.Supp.2d 600, 610 (D. Md. 1999)). Moreover, "actual innocence" means factual innocence and not just legal insufficiency. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citations omitted) (internal quotation marks omitted) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.")

Here, Lowe's assertion of actual innocence is not coupled with any new evidence of his actual innocence. (ECF No. 1–1, at 56 (as paginated by CM/ECF).) Therefore, this bare assertion of innocence fails to excuse the untimeliness of his § 2254 Petition. *Hill*, 2010 WL 5476755, at *5 (citing *Weeks*, 119 F.3d at 1352–53; *Feaster*, 56 F. Supp. 2d at 610).

C. Conclusion

The § 2254 Petition is barred by the statute of limitations. The Motion to Dismiss (ECF No. 7) will be GRANTED. The action will be DISMISSED. The Court will DENY a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

Date: 7/19/16
Richmond, Virginia

/s/ *signature*
John A. Gibney, Jr.
United States District Judge